**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

|  |  |
|---|---|
| JORGE EDUARDO VELASQUEZ CRUZ,<br><br>     Petitioner,<br><br>      v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>     Respondent. | CIVIL ACTION NO.: 5:26-cv-659 |

## O R D E R

**Service of the Petition**.  I have reviewed Petitioner's 28 U.S.C. § 2241 Petition for Habeas Corpus Relief.  I find that it does not plainly appear that Petitioner is not entitled to relief.  <u>See</u> Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.[1]  Based on the terms of the March 3, 2026 Memorandum of Understanding, the United States Attorney's Office for the Southern District of Georgia has been served with a copy of this Petition, as the Rules for habeas corpus proceedings require, via email.

**Answer Due in 7 Days**.  The Warden-Respondent must file an answer to the Petition within **7 business days** of the date of this Order.  <u>See, e.g.</u>, 28 U.S.C. § 2243.  The Answer must address the allegations in the Petition, certify the true cause of the detention, and show cause why the Petition should not be granted.  The Answer shall constitute a return for the purposes of

---

[1]    Petitioner failed to sign his Petition, his Motion for Leave to Proceed in Forma Pauperis, his Notice of Emergency Motion, his Motion for Temporary Restraining Order, and his Emergency Motion to Expedite.  Docs. 1, 2, 3, 4, and 5.  The Clerk issued a deficiency notice.  Doc. 6.  Petitioner paid the filing fee and filed an Amended Petition, which was signed, but did not otherwise respond to the notice.  Doc. 8.  Petitioner is advised that he is required to sign all pleadings, as required by this Court's local rule 11.1.  Additionally, since he paid the filing fee, his Motion for Leave to Proceed in forma pauperis is **DENIED** as moot.

28 U.S.C. § 2243, as long as it certifies the true cause of detention.  Counsel for the Warden-Respondent shall provide all relevant records, including orders, recordings, transcripts, and other records from ICE, that are available to counsel at the time of the Answer.  Counsel shall promptly supplement the answer with any additional records that counsel obtains after filing the Answer.  The Warden-Respondent will be permitted to file additional motions, including a motion to dismiss, within 21 days of filing the Answer.

**Reply Due in 3 Days.**  Petitioner shall file any desired Reply to the Answer within **3 days** of the date the Answer is served.  Petitioner shall file any desired response to a motion to dismiss within 14 days of service.

**Requests for Interim Relief**.  This Petition will be resolved in the ordinary course.  Recently, petitioners in similar circumstances have sought various forms of interim relief, including a prohibition on the petitioner's removal from the United States, a prohibition on ICE from transferring the petitioner from one detention facility to another within the United States, and interim release from detention while the habeas petition is pending.  To the extent Petitioner is requesting interim relief, Petitioner shall file an independent motion titled "Motion for Interim Relief" separate from the Petition.  Petitioner should not make a request for interim relief in the body of the Petition or in a request for preliminary injunctive relief (e.g., a motion for temporary restraining order, a motion for preliminary injunction, or motion for order to show cause).  The Warden-Respondent shall file a response to any motion for interim relief within **7 days** of the date the motion is served.

Importantly, a petitioner who seeks release from detention while the Petition is pending must demonstrate in the motion for interim relief: (1) a likelihood of success on the merits of a substantial constitutional claim; and (2) extraordinary and exceptional circumstances exist that

2

make release necessary to preserve the effectiveness of the habeas corpus relief sought. See, e.g., Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987); Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990); and Wilson v. Sec'y, Dep't of Corr., No. 17-10060-D, 2017 WL 11815408, at *1 (11th Cir. May 10, 2017); see also Mapp v. Reno, 241 F.3d 221, 225 (2d Cir. 2001).

SO ORDERED, this 9th day of July, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA